# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

KENNETH H. RICHARDSON,     )
         Plaintiff,        )
vs.                            )        No. 3:08-CV-0212-M (BH)
                              )            ECF
GENERAL MILLS AND PILLSBURY CO., )    Referred to U.S. Magistrate Judge
         Defendant.     )

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

## I. BACKGROUND

On February 5, 2008, Plaintiff filed the instant action against General Mills and Pillsbury Co. for alleged gross negligence and fraud related to trans-fat in food products. In an effort to flesh out the jurisdictional basis for this action, the Court mailed Plaintiff a Magistrate Judge's Questionnaire (MJQ).[1] In answer to the MJQ, Plaintiff indicates that he pursues this action under diversity jurisdiction and that the amount in controversy is "much higher than $10,000." (*See* Answer to Question 1 of MJQ.) The Court has granted Plaintiff permission to proceed *in forma pauperis* in this action. No process has been issued in this case.

## II. JURISDICTION

"Federal courts are courts of limited jurisdiction. They possess only that power authorized

---

[1] Plaintiff's answers to the questions posed by the Court constitute an amendment to the filed complaint. *See Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). They "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).

In this instance, Plaintiff asserts that diversity of citizenship provides the jurisdictional basis for this action. However, the amount in controversy for a case based on diversity jurisdiction must exceed $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a). From his answers to the MJQ it appears that the amount in controversy in this action does not exceed this jurisdictional amount. As the party seeking to invoke this Court's jurisdiction, Plaintiff has the burden to show that diversity jurisdiction exists. *See Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 804 (5th Cir. 1991). He has not carried that burden.

Courts have "a continuing obligation to examine the basis for jurisdiction." *See MCG, Inc. v. Great Western Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990). The Court may *sua sponte* raise the jurisdictional issue at any time. *Id.*; *Burge v. Parish of St. Tammany*, 187 F.3d 452, 465-66 (5th Cir. 1999). Fed. R. Civ. P. 12(h)(3) requires that a federal court dismiss an action if it determines that it lacks jurisdiction over the subject matter. Because it appears that the Court lacks subject-matter jurisdiction, this action should be dismissed.

## III. RECOMMENDATION

For the foregoing reasons, it is recommended that the District Court **DISMISS** this action for lack of subject-matter jurisdiction.

SIGNED this 7th day of April, 2008.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE


## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on plaintiff by mailing a copy to him. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. _Douglass v. United Servs. Auto Ass'n_, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (_en banc_).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE